```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
             WESTERN DIVISION
```

|                          |   |                       |
|--------------------------|---|-----------------------|
| FRANCOIS JOHNSON,        | ) |                       |
|     Plaintiff,           | ) |                       |
|                          | ) | No. 13-3016-JTF-dkv   |
| vs.                      | ) |                       |
|                          | ) |                       |
| CARGILL, INC.,           | ) |                       |
| JARAD BRUGGMAN,          | ) |                       |
| BARRY BRANDSTETTER,      | ) |                       |
| and DAMON CARR, JR.,     | ) |                       |
|     Defendants.          | ) |                       |

REPORT AND RECOMMENDATION OF *SUA SPONTE* DISMISSAL

On December 31, 2013, the plaintiff, Francois Johnson ("Johnson"), filed a *pro se* "Civil Complaint" against the defendants, Cargill, Inc., Jared Brugman, Barry Brandstetter, and Damon Carr, Jr. The complaint alleges that the Civil Complaint is based on "Discriminatory Practices and Retaliation, Harassment." (Compl., D.E. 1 at 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (Mot., D.E. 2). By order dated March 26, 2014, the court issued an order granting Johnson leave to proceed *in forma pauperis*. (Order, D.E. 4. ) This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as

appropriate. (Order of Reference, D.E. 4.)  For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

I.  PROPOSED FINDINGS OF FACT

It is difficult to discern from the Civil Complaint whether Johnson is attempting to amend the complaint in his currently pending case in this district, *Francois Johnson v. Cargill, Inc.*, No. 12-2748-JTF-dkv, (W.D. Tenn.) ("Johnson's 2012 employment discrimination lawsuit")[1] to add Damon Carr as an additional defendant and to add additional alleged acts of discrimination as part of a continuing action or whether this is indeed a new lawsuit based on different bases for discrimination.  In addition, it is not clear what causes of action Johnson is alleging in this most recent complaint.  Johnson states in the Civil Complaint, "[t]his is to bring this court up to speed on my previous suit and latest charges allegations (sic) of discrimination." (*Id.*)  He further states "this suit adds the

---

[1] This is the fifth lawsuit Johnson has filed against Cargill and individual defendants employed by Cargill since 2008. The history of Johnson's lawsuits against Cargill and its employees is set out in the Report and Recommendation for *Sua Sponte* Dismissal in *Francois Johnson v. Cargill, Inc.*, No. 12-2748-JTF-dkv, D.E. 6 (W.D. Tenn., July 23, 2013) and will not be repeated here.  The first three lawsuits have been dismissed either on motions for summary judgment or motions to dismiss.

2

name Plant Manager Damon Carr Jr also now as a defendant." (*Id.* at 2.)

As with his prior lawsuits, the allegations in this most recent complaint stem from Johnson's lengthy employment, beginning in 1995, with the defendant, Cargill, Inc. ("Cargill"). According to the allegations in the complaint in this case, on or about July 6, 2012, Tricie Seawright[2] cancelled, without Johnson's knowledge, his "approved vacation" day for July 6, 2012, which he had applied for on June 26, 2012,; on November 20, 2012, Johnson served as "lead man," a higher pay grade job, most of the day but was not paid the corresponding wage for "lead man", he complained to Brandstetter[3] about not getting paid and requested a "discrimination investigation," and on December 28, 2012, was paid the unpaid wage but did not receive any results from the "discrimination investigation"; on January 4, 2013, he reported an injury to a temporary co-worker to management and was

---

[2] Tricie Seawright was named as a defendant in Johnson's 2012 employment discrimination lawsuit but has since been dismissed. (Order Adopting in Part and Rejecting in Part Magistrate Judge's Report and Recommendation, D.E. 8, *Francois Johnson v. Cargill, Inc.*, No. 12-2748-JTF-dkv, (W.D. Tenn., March 19, 2014.)

[3] Barry Brandstetter was also named as a defendant in Johnson's 2012 employment discrimination lawsuit but has also been dismissed. (Order Adopting in Part and Rejecting ini Part Magistrate Judge's Report and Recommendation, D.E. 8, *Francois Johnson v. Cargill, Inc.*, No. 12-2748-JTF-dkv, (W.D. Tenn., March 19, 2014.)

told he would be advised of the results of the investigation but was not; and that "he was out sick on January 3, 2013 through January 6, 2013 with the flu," that he "brought a doctors excuse on January 7, 2013, and on January 8, 2013 was suspended [by Damon Carr, the plant manager,] for 3 days for not scheduling his sick days by giving a 3 day notice" ; and finally that he "was placed on a 6 month probation, could not call in late, could not get sick and call in."  (Compl., D.E. 1 at 1-2.).

Johnson claims he "has been discriminated against because of sex-male, same race discrimination, for participating in investigations, for his role as union Steward and for the previously filed law suits and charges with the EEOC."  (*Id*. at 2.)  He further claims he is "being continually harassed by Jarad Bruggman" for filing a previous charge with the Commission (490-2012-001180) which is the subject of Johnson's 2012 employment discrimination lawsuit against Cargill.

For relief, Johnson seeks:

> damages for negligent and knowingly exposing the Plaintiff to a hostile work environment, discriminatory, harassment and retaliation, sex discrimination in the amount of $5,000,000.00 for violations of the Tennessee Human Rights Act. Plaintiff seeks compensatory and Punitive damages pursuant to 42 U.S.C. 1981, in the amount of $5,000,000.00 pursuant 42 U.S.C. § 2003, for compensatory (2) 300.000 (sic) punitive damages for future emotional pain, suffering, inconvenience, mental anguish, lose (sic) of enjoyment

of life, and the amount punitive damages awarded under this section.[4]

(*Id.*)

In his complaint, Johnson does not allege that he filed a charge of discrimination with the EEOC regarding these events or that he received a right-to-sue notice from the EEOC. He did not attach a right-to-sue notice from the EEOC as he has done in his previous lawsuits.

## I. PROPOSED CONCLUSIONS OF LAW

A. <u>28 USC 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The Clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)    is frivolous or malicious;

---

[4] The prayer for damages is identical to the prayer for damages in Johnson's 2012 discrimination lawsuit except that he has increased the amount of damages sought in the present case. The only time the Tennessee Human Rights Act and 42 U.S.C. 1981 is mentioned in this complaint is in the prayer for damages, and the court finds these references insufficient to state claims under those acts.

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This report and recommendation will constitute the court's screening.

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court considers the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the

6

requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8*(a)(2). "A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding." *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)(citation omitted)(internal quotation marks omitted). "Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua*

*sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

A. <u>Johnson's Claims against the Individual Defendants</u>

To the extent Johnson purports to raise Title VII discrimination claims against the three individual defendants named in this case, he fails to state a claim. As this court has held in Johnson's previous discrimination cases against Cargill, there is no remedy under Title VII against a coworker or supervisor in his or her individual capacity. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). For that reason, the court recommends dismissal of all the Title VII claims

8

against the individual defendants, Barry Brandstetter, Jared Brugman, and Damon Carr, Jr., pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.[5]

B. <u>Johnson's "Discriminatory Practices and Retaliation, Harassment," Claims Against Cargill</u>

To the extent Johnson purports to raise Title VII discrimination claims against Cargill based on sex and race discrimination and retaliation in this case, Johnson has not exhausted administrative remedies as to these current claims. "A person seeking to bring a discrimination claim under Title VII in federal court must first exhaust [his] administrative remedies." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Id.* at 731–32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). Administrative exhaustion involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory

---

[5] Because Johnson filed the complaint in this lawsuit before the court ordered sanctions against Johnson for continuing to file Title VII lawsuits against co-workers and employees of Cargill, the court does not recommend the imposition of sanctions against Johnson in this instance.

9

right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 Fed. App'x 398, 400 (6th Cir. 2006)(citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)). The charge of discrimination must be liberally construed, and it need not "conform to legal technicalities" or "use the exact wording which might be required in a judicial pleading." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(internal quotation marks omitted). Nonetheless, for a discrimination claim to be amenable to suit in federal court, "[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Id.* (citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998); *see also Hathcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)(stating that the claim must be one "reasonably expected to grow out of the charge of discrimination"). Accordingly, "[i]f a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under Title VII." *Powers v. Sonoco Prods, Co.*, No. 11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011). It is therefore recommended that Johnson's claims in this case against Cargill for race and sex discrimination and retaliation

under Title VII be dismissed for failure to exhaust administrative remedies.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be dismissed for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted this 27th day of March, 2014.

s/Diane K. Vescovo  
DIANE K. VESCOVO  
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.