IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| FRANCOIS JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:13-cv-03016-JTF-dkv |
| CARGILL, INC. et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Francois Johnson's Complaint, alleging discriminatory practice, harassment, retaliation, and hostile work environment pursuant to 42 U.S.C. 1981, filed on December 31, 2013. (D.E. #1). On December 31, 2013, the Clerk's Office referred this matter to the Magistrate Judge for review. On March 27, 2014, the Magistrate Judge entered a Report and Recommendation, recommending that this case be dismissed *sua sponte* for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for failure to exhaust administrative remedies. (D.E. #5). On April 10, 2014, Plaintiff filed his Objections to the Magistrate's Report and Recommendation. (D.E. #6).

After reviewing the Magistrate's Report and Recommendation, Plaintiff's Objections, and the entire record, this Court finds that Magistrate's Report and Recommendation should be adopted. However, this Court primarily looks to this Court's Match 19, 2014 Order Adopting in Part and Rejecting in Part the Magistrate's Report and Recommendation in *Johnson v. Cargill,*

1

*Inc. et al.,* 2:12-cv-02478-JTF-dkv ("*Johnson I*").[1] In that Order, this Court stated that, "[a] monetary fine of $100 shall be imposed on Plaintiff for filing any further Title VII lawsuits against individual employees of Defendant Cargill, Inc., and any such Title VII lawsuits shall be summarily dismissed." (D.E. #8, at 10). Although Plaintiff had already filed this above action before the Court issued its Order in *Johnson I*, the language of this Courts Order in *Johnson I* undoubtedly applies here.

In his Objections to the Magistrate's Report and Recommendation, Plaintiff attempts to disguise the above action as an entirely separate action from *Johnson I*. Plaintiff contends that,

> It was not the motive of the plaintiff to confuse the Court, but was only to give a short history and detail time line to prove the claims now presented to the Courts, and showing the causal connections. And the fact that under U.S.C. 1981 there was no need to file suit through EEOC investigation. And clearly it was the intent of the Plaintiff to file this time under U.S.C. 1981 as it was expressed in the damages request. Never filed like this in the past, as only 1981. As you will read Plaintiff has revised the civil complaint, to add his intention and hopefully clarity of whistle blower and union steward. And under this section I can mention the above defendants as defendants in this suit.

(D.E. #6, at 1). It seems that Plaintiff argues that, because he is filing his claims of discriminatory practices, retaliation, harassment, and hostile work environment only under 42 U.S.C. § 1981 and not under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, the Tennessee Human Rights Act, the Fifth, Eighth, and Fourteenth Amendments of the Constitution, and 28 U.S.C. § 1331, as he did in *Johnson I*, this new civil case does not have any connection to his previously filed cases. Plaintiff is wholly incorrect. Plaintiff's attempt to mask his previously litigated allegations as new ones against new Defendants is barred by this Court.

---

[1] This Court is fully aware that *Johnson v. Cargill*, *Inc. et al*, 2:12-cv-02748-JTF-dkv, is not the first case filed by Plaintiff in the Western District. However because it was the first filed before Judge John T. Fowlkes, Jr., this Court will address it as *Johnson I*.

IT IS THEREFORE ORDERED that the Magistrate's Report and Recommendation is hereby ADOPTED. Consequently, Plaintiff's Complaint is DISMISSED with prejudice.

IT IS FURTHER ORDERED that a fine of $100 shall not be imposed on Plaintiff. Because this Court's March 19, 2014 Order in *Johnson I* was docketed after the filing of this instant action, Plaintiff will not be fined for the filing of his Complaint.

IT IS SO ORDERED this 24th day of April, 2014.

BY THIS COURT:

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge